UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILFREDO DEJESUS,

    Plaintiff,

v.                                                                 Case No: 8:18-cv-2058-T-17JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion"). (Dkt. 21.) Plaintiff moves the Court to award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons stated below, the Court recommends that Plaintiff's Motion be granted.

## BACKGROUND

On August 20, 2018, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On May 10, 2019, the undersigned entered a Report and Recommendation recommending that the Court grant Defendant's unopposed motion to remand. (Dkt. 19.) On May 30, 2019, the Court adopted the Report and Recommendation and entered an Order remanding this case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 20.) Consequently, Plaintiff filed his Motion on August 13, 2019, as the prevailing party in this action. (Dkt. 21.) In his Motion, Plaintiff seeks attorney's fees for 32.1 hours of work[1] at an hourly rate

---

[1] Although Plaintiff's attorney worked 34.1 hours, after conferring with Defendant, Plaintiff seeks fees for only 32.1 hours. (Dkt. 21 at 2.)

of $200.00 for attorneys David F. Chermol and Erik W. Berger.  (Dkt. 21 at 1–2.)  The requested fees total $6,420.  Plaintiff also seeks costs of $400.  (Dkt. 21 at 4.)  The Commissioner does not oppose the relief requested.  (Dkt. 21 at 3.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees under the EAJA.  28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 Fed. App'x 833, 834 (11th Cir. 2014).  The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust.  28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust.  28 U.S.C. § 2412(d).  A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact.  *Monroe*, 569 Fed. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees in this case. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, Plaintiff's Motion, which was filed on August 13, 2019, was timely filed. This case was remanded upon order of this Court on May 30, 2019. (Dkt. 20.) Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party has sixty days to file an appeal. Therefore, the judgment became final on July 29, 2019, and the Motion was filed before the expiration of the thirty-day deadline. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334, at *1 (M.D. Fla. Nov. 30, 2015).[2] Additionally, the Commissioner does not dispute the timeliness of the Motion. Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the Court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In the Motion, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living. Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate of $200. (Dkt. 21 at 1–2.) The Court finds that

---

[2] Due to an inadvertent delay, a separate written judgment was not entered in accordance with Federal Rule of Civil Procedure 58(a) until October 28, 2019. This does not prevent the court from awarding fees. *See Schaefer*, 509 U.S. at 303 (affirming an award of attorney's fees before "a 'separate document' of judgment" was entered).

Plaintiff is entitled to the requested rate, and the Commissioner does not oppose Plaintiff's request. In total, Plaintiff seeks $6,420.00 in attorney's fees. (Dkt. 21 at 4.) The Commissioner does not oppose the fees requested. As such, the Court finds that the hours expended were reasonable and that $6,420.00 is a reasonable fee in this case.

Plaintiff also requests an award of $400 in costs for the federal court filing fee. (Dkt. 21 at 4.) The Commissioner does not oppose the proposed award of costs. Under the EAJA, a judgment for costs may be awarded to the prevailing party in a civil action brought against an agency of the United States in any court having jurisdiction of such action. 28 U.S.C. § 2412(a)(1). The Court finds that $400 is a reasonable claim for costs under 28 U.S.C § 2412(a)(1).

Finally, Plaintiff requests that the fee award be paid directly to his attorney. (Dkt. 21-2 at 1.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government and Plaintiff has assigned the award to his attorney; otherwise, the award is payable directly to Plaintiff.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. 21) be **GRANTED**; and

2. Attorney's fees in the amount of $6,420.00 and costs in the amount of $400, payable out of the judgment fund administered by the U.S. Department of Treasury, be awarded to Plaintiff under the EAJA. Fees shall be payable directly to Plaintiff's counsel if the

Commissioner determines that Plaintiff does not owe a debt to the government and Plaintiff has assigned the fee to his attorney.

**IT IS SO REPORTED** in Tampa, Florida, on October 29, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich
Counsel of Record